**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LAWRENCE PARKER,
Plaintiff-Appellant,

v.

GENEVA ENTERPRISES, INCORPORATED,
t/a Rosenthal Nissan-Mazda,
Defendant-Appellee,                                    No. 97-2070

and

STEVE DANIEL, individually and as
an agent of Geneva Enterprises,
Incorporated,
Defendant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-96-1795-A)

Argued: January 28, 1998

Decided: March 16, 1998

Before WILLIAMS, Circuit Judge, PHILLIPS, Senior Circuit Judge,
and FOX, United States District Judge for the
Eastern District of North Carolina.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Philip Scott Friedman, IFSHIN & FRIEDMAN, P.L.L.C.,
Washington, D.C., for Appellant. Stephen William Robinson,

MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., McLean, Virginia, for Appellee. **ON BRIEF:** F. Paul Maloof, Washington, D.C., for Appellant. Spiro P. Fotopoulos, MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., McLean, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Lawrence Parker filed suit claiming discrimination in violation of Title VII and the Americans with Disabilities Act, as well as negligent hiring under Virginia law, based upon derogatory comments and humiliating incidents that happened during his employment at Geneva Enterprises. This appeal arises from the district court's order granting summary judgment in favor of Geneva Enterprises on all claims. We affirm.

Summary judgment is appropriate when a party who will bear the burden of proof at trial fails to make a showing sufficient to establish an element essential to the case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). We view the facts in the light most favorable to the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Parker, a used car salesman for Geneva Enterprises' Rosenthal Nissan/Mazda showroom in Tyson's Corner, Virginia, is African-American. Additionally, he lost his eye in a tragic 1987 car-jacking incident in which he was shot in the head; as a result he wears a prosthetic eye.

Parker began his employment at the car dealership in January 1995. In December 1995, a new manager, Steven Daniel, was hired. Rumors began circulating at the dealership that Daniel was hired to "whiten

2

up" the place. (J.A. at 317.) When Daniel first arrived at the dealership, Parker was on medical leave. Parker returned to work in January 1996; almost immediately upon his return, Daniel questioned Parker about the protective tinted glasses he regularly wore. Parker explained that his eye condition required it, and the conversation ended.

During a sales meeting on February 12, 1996, Daniel was discussing proper sales techniques and he stated that he "would not buy a car from someone who wore sunglasses with their eyes batting up and down in their head" and was walking like a "thug." (J.A. at 81, 318.) Parker felt those comments were directed toward him. He interpreted the comments as a reference to his "ghetto" background and physical impairment.

Shortly after the incident in the sales meeting, Parker was preparing to take a test drive with a customer. Back in the "get-ready" part of the dealership, a maintenance worker employed by an independent contractor to prepare the cars, made an obscene gesture and pointed at Parker's eye in response to Parker's request that he fill the car with gas. Thereafter, the altercation escalated into a fist fight.

Next, on February 23, 1996, there was a discussion between two Rosenthal Nissan/Mazda employees about assigning a salesperson to clip car advertisements from the newspaper. One of them suggested that Parker be assigned the ad-cutting duty. The other jokingly responded that Parker could not cut the ads out of the paper because he had only one eye. After hearing about this exchange, Parker became too angry to finish his shift, and left the dealership without explanation. He did not return to work for the next five days.

On the fifth day, after speaking to a mental health counselor and obtaining the appropriate documentation for the dealership's medical leave policy, Parker called into the office to inform his employer that his absence had been related to a medical condition. The receptionist who answered his call informed Parker that Daniel had remarked during his absence that the dealership did not need a "one-eyed . . . nigger." (J.A. at 367.) Upon hearing this report, Parker decided not to return to work, and he instead tendered his resignation. He never filed a complaint with management regarding any of these incidents.

3

On the basis of the foregoing events, Parker filed a complaint in district court stating a claim for racial discrimination under Title VII, discrimination based on perceived disability under the Americans with Disabilities Act, and negligent retention under Virginia law. The negligent retention claim was dismissed and the complaint was amended to include a negligent hiring cause of action. Geneva Enterprises moved for summary judgment on all claims.

The district court granted summary judgment, determining that Parker did not make out a prima facie case of disability discrimination because he did not establish that Geneva Enterprises perceived his prosthetic eye as a condition that substantially limited a major life activity. Additionally, the district court ruled that Parker did not make out a claim for constructive discharge. Similarly, the district court ruled that the prima facie case under Title VII must fail because of Parker's inability to prove constructive discharge. Finally, the district court ruled that summary judgment was proper on Parker's Virginia law negligent hiring claim because his claims did not involve a severe threat of significant physical injury, a state law requirement.

Parker contests these rulings. He argues that he put forth sufficient evidence to raise a genuine issue of material fact regarding his disability and his constructive discharge. He further claims that the district court erred in its interpretation of the negligent hiring cause of action by requiring that a physical injury occur.

We have reviewed the record, briefs, and pertinent case law in this matter, and we have had the benefit of oral argument. Our careful review persuades us that the rulings of the district court were correct. Accordingly, we affirm on the reasoning set forth in the district court's opinion. See Parker v. Geneva Enters., Inc., C.A. No. 96-1795-A (E.D. Va. Aug. 6, 1997).

AFFIRMED

4